UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HARDEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | Case No. 16-cv-00525-VC<br><br>**ORDER DENYING MOTION TO DISMISS AND MOTION TO STAY**<br><br>Re: Dkt. Nos. 18, 23 |

I.

Monsanto argues that Hardeman's failure-to-warn claims are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, which prohibits states from "impos[ing] . . . any requirements for labeling or packaging in addition to or different from" the requirements in FIFRA itself. 7 U.S.C. § 136v(b). But Hardeman's failure-to-warn claims based on Roundup's labeling are not preempted, because "a state-law labeling requirement is not pre-empted by § 136v(b) if it is equivalent to, and fully consistent with, FIFRA's misbranding provisions." *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 447 (2005).

A.

To the extent Hardeman's failure-to-warn claims attack Roundup's product labeling, they are consistent with FIFRA. FIFRA requires a pesticide label to "contain a warning or caution statement which may be necessary and if complied with . . . is adequate to protect health and the environment." 7 U.S.C. § 136(q)(1)(G); *see also* 40 C.F.R. § 156.60. California law, similarly, requires a manufacturer to warn either of any risk that is known or knowable (in strict liability), or at least those risks that "a reasonably prudent manufacturer would have known and warned

about" (in negligence).  *Conte v. Wyeth, Inc.*, 85 Cal. Rptr. 3d 299, 310 (Ct. App. 2008).  If anything, a manufacturer's duty under California law is slightly narrower than its duty under FIFRA: California law sometimes (in negligence) allows a manufacturer to escape liability where a warning would be unreasonable, but FIFRA seems always to require a warning that is "necessary" and "adequate" to protect human health – whether or not such a warning is otherwise reasonable.  In this light, it's hard to see how Hardeman's failure-to-warn claims could "be construed more broadly than" FIFRA.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 758 (9th Cir. 2015).  Indeed, Hardeman's complaint explicitly bases his California-law failure-to-warn claims on Monsanto's alleged violation of FIFRA.  Complaint at ¶¶161-62.

### B.

Monsanto contends Hardeman's failure-to-warn claims are nonetheless preempted because the EPA has approved Roundup's product labels.  But the EPA's authority to enforce FIFRA does not prohibit private litigants from also enforcing that statute: the Supreme Court, rejecting an argument against "giv[ing] juries in 50 States the authority to give content to FIFRA's misbranding prohibition," *Bates*, 544 U.S. at 448, has instead allowed "[p]rivate remedies that enforce [FIFRA's] misbranding requirements," *id.* at 451.  And the mere fact that the EPA has approved a product label does not prevent a jury from finding that that same label violates FIFRA.  In *Bates*, the Supreme Court allowed state-law failure-to-warn claims to go forward as long as those claims were consistent with FIFRA, *id.* at 452-53 – even though the EPA had approved the insecticide label at issue, *id.* at 434-35.  *Bates* thus "established that mere inconsistency between the duty imposed by state law and the content of a manufacturer's labeling approved by the EPA at registration did not necessarily mean that the state law duty was preempted."  *Indian Brand Farms, Inc. v. Novartis Crop Prot. Inc.*, 617 F.3d 207, 222 (3d Cir. 2010).

This result is consistent with the text of the FIFRA statute.  Monsanto notes that "registration of a pesticide shall be prima facie evidence that the pesticide, its labeling and packaging comply with the registration provisions of" FIFRA.  7 U.S.C. § 136a(f)(2).  But

"prima facie evidence" is not conclusive proof. And the preceding sentence in this same statutory provision provides that "[i]n no event shall registration of an article be construed as a defense for the commission of any offense under" FIFRA. *Id.* Of course, if the EPA's approval of Roundup's label had the force of law, it would preempt conflicting state-law enforcement of FIFRA. *See Wyeth v. Levine*, 555 U.S. 555, 576 (2009). But there's no indication that the EPA's approval of Roundup's label had the force of law. *See United States v. Mead Corp.*, 533 U.S. 218, 227-34 (2001). Though EPA rulemaking "[would] necessarily affect the scope of pre-emption under § 136v(b)," the EPA has promulgated "relatively few regulations that refine or elaborate upon FIFRA's broadly phrased misbranding standards." *Bates*, 544 U.S. at 453 n.28.

This result is also consistent with the district court's holding in *Mirzaie v. Monsanto Co.*, No. 15-cv-04361-DDP, 2016 WL 146421 (C.D. Cal. Jan. 12, 2016). There, the plaintiffs sought (among other things) injunctive relief forcing Monsanto to change the contents of its label. Complaint at 10, Mirzaie v. Monsanto Co., No. 15-cv-04361-DDP (C.D. Cal. June 9, 2015). According to the district court, "[t]he only question" in ruling on Monsanto's motion to dismiss was "whether the injunctive relief Plaintiffs seek would constitute a requirement for labeling or packaging." *Mirzaie*, 2016 WL 146421, at *2. The answer to that question was yes: "an injunction imposed against a manufacturer to change its [EPA-approved] label would represent a state-mandated labeling requirement and would therefore be preempted." *Id.* (alteration in original) (quoting *Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1203 (9th Cir. 2002)). Dictating the contents of Roundup's label would usurp the EPA's exclusive authority, under 7 U.S.C. § 136v(b), to approve all pesticide labeling. But Hardeman, unlike the Mirzaie plaintiffs, doesn't seek an injunction dictating the contents of Roundup's label: he just contends that Roundup's existing label violates FIFRA, implying that the EPA failed to enforce FIFRA correctly when it approved that label. And *Bates* tells us that the EPA's authority to enforce FIFRA – unlike the EPA's authority to approve all pesticide labeling – isn't exclusive.

## C.

Similarly, Monsanto contends that Hardeman's failure-to-warn claims are preempted

because the "EPA repeatedly has concluded that glyphosate is not a carcinogen."  But almost all of the findings Monsanto cites were made in regulations interpreting the Food, Drug, and Cosmetic Act – not FIFRA.  FDCA regulations don't "give content to FIFRA's misbranding standards," *Bates*, 544 U.S. at 453, so they don't affect the extent to which FIFRA preempts state law.

Monsanto does cite one document from the FIFRA context – a fact sheet discussing glyphosate's re-registration as a pesticide, which notes the EPA's 1991 classification of glyphosate as a "Group E oncogen" showing "evidence of non-carcinogenicity for humans."  But neither the fact sheet nor the underlying 1991 classification actually conflict with Hardeman's complaint, because the classification "emphasized . . . that designation of an agent in Group E is based on the available evidence at the time of evaluation and should not be interpreted as a definitive conclusion that the agent will not be a carcinogen."  And even if the fact sheet or classification did conflict with Hardeman's complaint, it's not clear that either has the force of law, *see Mead*, 533 U.S. at 229, so it's not clear that either has preemptive effect, *see Reid v. Johnson & Johnson*, 780 F.3d 952, 964 (9th Cir. 2015).

Monsanto's last piece of evidence – online video of Congressional hearing testimony in which various speakers characterize the EPA's position on glyphosate – probably isn't subject to judicial notice, because it could reasonably be questioned whether the speakers are characterizing the EPA's position accurately.  But, even if it is, there's no indication that the positions discussed in the video involve an interpretation of FIFRA that has the force of law.

## II.

Monsanto next argues that, because Hardeman "alleges that both glyphosate and Roundup® are inherently and unavoidably dangerous," he can't proceed on his strict-liability design-defect claims.  Monsanto bases this argument on comments j and k to section 402A of the Restatement (Second) of Torts.

Comment j doesn't support Monsanto's argument.  That comment provides that, "[i]n order to prevent the product from being unreasonably dangerous, the seller may be required to

4

give directions or warning." Restatement (Second) of Torts § 402A cmt. j (1965).  This means that a plaintiff can bring failure-to-warn claims, but it doesn't mean that a plaintiff can bring *only* failure-to-warn claims.  Comment j also provides that "a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous." *Id.*  But Hardeman alleges that Roundup did *not* bear the warning it should have, so he's free to allege that Roundup was also "in defective condition" or "unreasonably dangerous."

That leaves comment k.  Comment k provides that, where a product is "quite incapable of being made safe for their intended and ordinary use . . . [t]he seller . . . is not to be held to strict liability." *Id.* cmt. k.  But there's an important caveat: comment k only applies where products "are properly prepared and marketed, and proper warning is given." *Id.*  Once again, Hardeman alleges that Roundup was not properly prepared or marketed, and was not accompanied by proper warning, so – by its own terms – comment k doesn't apply.

Moreover, even if comment k applied by its own terms, it seems unlikely the California courts would apply it here.  The California Supreme Court limited its adoption of comment k to a narrow medical context: "because of the public interest in the development, availability, and reasonable price of drugs, the appropriate test for determining responsibility is the test stated in comment k." *Brown v. Superior Court*, 751 P.2d 470, 477 (Cal. 1988).  In this respect, *Brown* was consistent with prior California case law applying comment k, which "overwhelmingly involve[d] products such as prescription drugs, vaccines, blood, and medical devices such as intrauterine devices and breast implants." *Wilkinson v. Bay Shore Lumber Co.*, 227 Cal. Rptr. 327, 331 (Ct. App. 1986).  And though California courts have since clarified that *Brown* extends beyond prescription drugs to include other medical products, *see Hufft v. Horowitz*, 5 Cal. Rptr. 2d 377, 382-84 (Ct. App. 1992), Monsanto does not cite – and the Court cannot find – a California case applying comment k outside the medical context, *accord Garrett v. Howmedica Osteonics Corp.*, 153 Cal. Rptr. 3d 693, 700-01 (Ct. App. 2013).  On the contrary, California courts appear willing to apply comment k only where a product is "available only through the services of a physician," *id.* at 701.

5

## III.

Monsanto's motion to dismiss is denied.  And because the Court has denied Monsanto's motion to dismiss, Monsanto's motion to stay discovery is also denied.

**IT IS SO ORDERED.**

Dated: April 8, 2016

VINCE CHHABRIA
United States District Judge