Richard A. Clark (State Bar No. 39558)
(rclark@pmcos.com)
Steven R. Platt (State Bar No. 245510)
(splatt@pmcos.com)
PARKER, MILLIKEN, CLARK, O'HARA
& SAMUELIAN, P.C.
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6500
Facsimile: (213) 683-6669

Joe G. Hollingsworth (appearance *pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Katharine R. Latimer (appearance *pro hac vice*)
(klatimer@hollingsworthllp.com)
Eric G. Lasker (appearance *pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN HARDEMAN,<br><br>      Plaintiff,<br><br>   v.<br><br>MONSANTO COMPANY AND JOHN DOES 1-50,<br><br>      Defendant. | Case No.: 3:16-cv-00525-VC<br><br>**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Edwin Hardeman's Amended Complaint and Jury Demand ("Amended Complaint"), except as set forth below.  Additionally, to the extent plaintiff's allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiff's allegations as to Monsanto and not as to the co-defendants.   As defined in the complaint and as used in this answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.

1. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup® branded products.  Monsanto denies the remaining allegations in paragraph 1.

2. The allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

3. Monsanto denies the allegations in paragraph 3.

4. Monsanto admits the allegations in paragraph 4.

5. Monsanto admits the allegations in paragraph 5.

6. Monsanto denies the allegations in paragraph 6.

7. Monsanto denies that it is subject to general personal jurisdiction in California. Monsanto admits venue is appropriate in this district based upon the allegations in plaintiff's complaint.  Monsanto denies the remaining allegations in paragraph 7.

8. Monsanto denies that exposure to Roundup® branded products did or could have caused plaintiff's alleged non-Hodgkin's Lymphoma.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 8 and they are accordingly denied.

9. The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup® branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10. Monsanto admits the allegations in paragraph 10.

11. The allegations in paragraph 11 are not directed at Monsanto and therefore no answer is required. To the extent an answer is required, Monsanto denies the allegations in paragraph 11.

12. The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied. Monsanto states that it is only answering on behalf of Monsanto and not on behalf of unnamed co-defendants.

13. Regarding the allegations in paragraph 13, Monsanto admits that it sells Roundup® branded products in Sonoma County, California.

14. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 14 and they are accordingly denied.

15. The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

16. The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

17. Monsanto admits the allegations in paragraph 17.

18. Monsanto admits that it is authorized to do business in California. The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

19. The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20. Monsanto denies the allegations in paragraph 20.

21. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed Roundup® branded products. The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22. Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the

remaining allegations in paragraph 22 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and they are accordingly denied.

23. Monsanto admits the allegations in paragraph 23.

24. Monsanto admits the allegations in paragraph 24.

25. Monsanto admits that glyphosate is a herbicide that is used to kill invasive plants and weeds. Monsanto states that the remaining allegations in paragraph 25 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and they are accordingly denied.

26. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 26 comprise attorney characterizations and are accordingly denied.

27. Monsanto admits the allegations in paragraph 27.

28. Monsanto generally admits the allegations in paragraph 28, but denies the allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the EPA.

29. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 29 and they are accordingly denied.

30. Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 30, and therefore denies the same. Monsanto denies the remaining allegations in paragraph 30.

31. Monsanto admits the allegations in paragraph 31.

32. Monsanto admits that Roundup® branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup® branded products have carcinogenic

1    properties and denies the remaining allegations in paragraph 32.

2         33.    Monsanto admits the allegations in paragraph 33.

3         34.    Regarding the allegations in paragraph 34, Monsanto admits that EPA requires
4    registrants of herbicides to submit extensive data in support of the human health and
5    environmental safety of their products and further admits that EPA will not register or approve
6    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining
7    allegations in paragraph 34 set forth conclusions of law, for which no response is required.

8         35.    The allegations in paragraph 35 set forth conclusions of law for which no response
9    is required.

10        36.    Monsanto denies that it has ever or currently manufactures Roundup® branded
11   products in the State of California but admits that Roundup® branded products are registered by
12   the EPA for manufacture, sale and distribution and are registered by the state of California for
13   sale and distribution.

14        37.    Regarding the allegations in paragraph 37, Monsanto admits that EPA requires
15   registrants of herbicides to submit extensive data in support of the human health and
16   environmental safety of their products and further admits that EPA will not register or approve
17   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto
18   states that the term "the product tests" in the final sentence of paragraph 37 is vague and
19   ambiguous, and it therefore denies the same.  The remaining allegations in paragraph 37 set forth
20   conclusions of law, to which no answer is required.

21        38.    Monsanto denies the allegations in paragraph 38 to the extent they suggest that
22   EPA only evaluates the safety of pesticide products on the date of their initial registration.
23   Monsanto admits that EPA is in the process of conducting re-registration of various pesticide
24   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth
25   of the allegations in paragraph 38 regarding such pesticide products generally.  The remaining
26   allegations in paragraph 38 set forth conclusions of law, for which no response is required.

27        39.    Regarding the allegations in paragraph 39, Monsanto admits that EPA has
28   undertaken a review of glyphosate for purposes of re-registration and further admits that EPA has

1   not released its findings.  Monsanto states, however, that on October 21, 2015, Dr. William
2   Jordan, Deputy Director of EPA's Office of Pesticide Programs, testified before a Senate
3   Committee that EPA's current safety evaluation of glyphosate, announced in April 2015,
4   confirms that the epidemiologic literature "does not provide evidence to show that [g]lyphosate
5   causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."
6   *See Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives:*
7   *Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of
8   Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs).  Monsanto lacks
9   information or knowledge sufficient to form a belief as to the truth of the remaining allegations in
10  paragraph 39 and they are accordingly denied.  The remaining allegations in paragraph 39 are
11  otherwise denied.
12       40.    Regarding the allegations in paragraph 40, Monsanto admits that the New York
13  Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading
14  advertising of Roundup® branded products.  This lawsuit was subsequently resolved without any
15  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney
16  General's allegations related in any way to a purported or alleged risk of cancer.
17       41.    Regarding the allegations in paragraph 41, Monsanto admits it entered into an
18  assurance of discontinuance with the NYAG.  The assurance speaks for itself and thus does not
19  require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory
20  and comprise attorney characterizations, and are accordingly denied.
21       42.    Monsanto denies the allegations in paragraph 42.
22       43.    Regarding the allegations in paragraph 43, Monsanto admits that the French court
23  ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it
24  "left the soil clean," but denies the allegations in paragraph 43 to the extent they suggest that this
25  ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.
26       44.    Monsanto denies the allegations in paragraph 44.
27       45.    Regarding the allegations in paragraph 45, Monsanto states that the cited
28  document speaks for itself and does not require an answer.  To the extent the paragraph goes

1   beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient
2   to form a belief as to the truth of the remaining allegations in paragraph 45 and they are
3   accordingly denied.

4     46. Monsanto admits the allegations in paragraph 46.

5     47. Regarding the allegations in paragraph 47, Monsanto states that the cited the
6   document speaks for itself and does not require an answer.  To the extent the paragraph goes
7   beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient
8   to form a belief as to the truth of the remaining allegations in paragraph 47 and they are
9   accordingly denied.

10    48. Monsanto states that the term "toxic" as used in paragraph 48 is vague and
11  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto
12  denies the allegations in paragraph 48.

13    49. Monsanto admits the allegations in paragraph 49.

14    50. Regarding the allegations in paragraph 50, Monsanto states that the document
15  speaks for itself and does not require an answer.  To the extent an answer is required, Monsanto
16  denies the allegations in paragraph 50.

17    51. Regarding the allegations in paragraph 51, Monsanto admits Julie Marc published
18  a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent
19  the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining
20  allegations in paragraph 51.

21    52. Regarding the allegations in paragraph 52, Monsanto states that these documents
22  speaks for themselves and do not require an answer.  To the extent an answer is required,
23  Monsanto denies the allegations in paragraph 52.

24    53. Regarding the allegations in paragraph 53, Monsanto states that the cited
25  document speaks for itself and does not require an answer.  To the extent the paragraph
26  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
27  paragraph 53.

28    54. Monsanto denies the allegations in paragraph 54.

- 6 -
MONSANTO'S ANSWER

55. Regarding the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require an answer. To the extent the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56. Regarding the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require an answer. To the extent the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57. Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup® branded products pose any risk to human health and deny the remaining allegations in paragraph 57.

58. Monsanto denies the allegations in paragraph 58.

59. Monsanto denies the allegations in paragraph 59.

60. Monsanto denies the allegations in paragraph 60.

61. Monsanto denies the allegations in paragraph 61.

62. Monsanto admits that it has in the past and continues to promote Roundup® branded herbicides as safe when used in accordance with the product's labeling. Monsanto denies the remaining allegations in paragraph 62.

63. Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 63 and they are accordingly denied.

64. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and they are accordingly denied. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

65. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and they are accordingly denied. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

66. Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 66 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

67. Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a Class 2A carcinogen. Regarding the remaining allegations in paragraph 67, the document speaks for itself and does not require an answer. To the extent an answer is required, the remaining allegations in paragraph 67 comprise attorney characterizations and are accordingly denied.

68. Regarding the allegations in paragraph 68, the document speaks for itself and does not require an answer. To the extent an answer is required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69. Regarding the allegations in paragraph 69, the document speaks for itself and does not require an answer. To the extent an answer is required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70. Monsanto denies the allegations in paragraph 70.

71. The allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72. Monsanto admits the allegations in paragraph 72.

73. Regarding the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require an answer. To the extent the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 73.

74. Regarding the allegations in paragraph 74, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in

1  paragraph 74.

2  75. The allegations in paragraph 75 are vague and ambiguous and are accordingly
3  denied.

4  76. Regarding the allegations in paragraph 76, Monsanto states that the cited
5  document speaks for itself and does not require an answer.

6  77. Regarding the allegations in paragraph 77, Monsanto states that the cited
7  document speaks for itself and does not require an answer. To the extent the paragraph
8  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
9  paragraph 77.

10  78. Monsanto denies the allegations in paragraph 78.

11  79. Regarding the allegations in paragraph 79, Monsanto states that the cited
12  document speaks for itself and does not require an answer. Monsanto otherwise denies the
13  allegations in paragraph 79.

14  80. Monsanto admits that there is no reliable evidence that Roundup® branded
15  products are genotoxic and that regulatory authorities and independent experts agree that
16  Roundup® branded products are not genotoxic. Monsanto otherwise denies the allegations in
17  paragraph 80.

18  81. Monsanto denies the allegations in paragraph 81.

19  82. Monsanto denies the allegations in paragraph 82.

20  83. Monsanto denies the allegations in paragraph 83.

21  84. Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice
22  exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 84.

23  85. Monsanto denies the allegations in paragraph 85.

24  86. Monsanto denies the allegations in paragraph 86.

25  87. Monsanto admits the allegations in paragraph 87.

26  88.  Monsanto denies the allegations in paragraph 88..

27  89. Monsanto admits the allegations in paragraph 89.

28  90. Monsanto denies the allegations in paragraph 90.

91. Monsanto denies the allegations in paragraph 91.

92. Monsanto denies the allegations in paragraph 92.

93. Monsanto denies the allegations in paragraph 93.

94. Monsanto denies the allegations in paragraph 94.

95. Monsanto denies the allegations in paragraph 95.

96. Monsanto denies the allegations in paragraph 96.

97. Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup® branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 97.

98. Regarding the allegations in paragraph 98, Monsanto admits that Roundup® branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.

99. Regarding the allegations in paragraph 99, Monsanto admits that it has stated and continues to state that Roundup® branded products are safe when used as labeled and that it is non-carcinogenic and non-genotoxic.

100. Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup® branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup® branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 100.

101. Monsanto denies the allegations in paragraph 101.

102. Monsanto denies the allegations in paragraph 102.

103. Monsanto denies the allegations in paragraph 103.

104. Monsanto denies the allegations in paragraph 104.

105. Monsanto denies the allegations in paragraph 105.

106. Monsanto denies the allegations in paragraph 106.

107. Monsanto denies the allegations in paragraph 107.

108. Monsanto denies the allegations in paragraph 108.

109. Monsanto admits that plaintiff purports to bring an action for compensatory damages. Monsanto denies the remaining allegations in paragraph 109.

110. Monsanto denies the allegations in paragraph 110.

111. Monsanto denies the allegations in paragraph 111.

112. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 112 and they are accordingly denied.

113. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 113 and they are accordingly denied.

114. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 114 and they are accordingly denied.

115. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 115 and they are accordingly denied.

116. Monsanto incorporates by reference its responses to paragraphs 1 through 115 in response to paragraph 116 of plaintiff's Amended Complaint.

117. In response to the allegations in paragraph 117, Monsanto denies that it has concealed the alleged "true risks associated with Roundup and glyphosate." Monsanto agrees that it continues to maintain to this day that there is no reliable scientific evidence glyphosate causes cancer. Monsanto denies the cited document is quoted correctly. The remaining allegations in paragraph 117 sets forth conclusions of law, for which no response is required.

118. Monsanto denies that exposure to Roundup® branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 118. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

119. Monsanto denies that it concealed "the true character, quality and nature of Roundup." The remaining allegations of paragraph 119 sets forth conclusions of law for which no response is required. To the extent a response is required, Monsanto denies all of plaintiff's

allegations in paragraph 119.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

120.   Monsanto denies that it engaged in the "wrongdoing" alleged in the complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup® branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 120 either set forth conclusions of law, to which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and they are accordingly denied.

121.   Monsanto incorporates by reference its responses to paragraphs 1 through 120 in response to paragraph 121 of plaintiff's Amended Complaint.

122.   Paragraph 122 sets forth conclusions of law for which no response is required.

123.   Monsanto denies the allegations in paragraph 123.

124.   Monsanto denies the allegations in paragraph 124, including each of its subparts.

125.   Monsanto denies the allegations in paragraph 125.

126.   Monsanto denies the allegations in paragraph 126.

127.   Monsanto denies the allegations in paragraph 127, including each of its subparts.

128.   Monsanto denies the allegations in paragraph 128.

129.   Monsanto denies the allegations in paragraph 129.

130.   Monsanto denies the allegations in paragraph 130.

131.   Monsanto denies the allegations in paragraph 131.

132.   In response to the allegations in paragraph 132, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Amended Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

133.   Monsanto incorporates by reference its responses to paragraphs 1 through 132 in response to paragraph 133 of plaintiff's Amended Complaint.

1   134.   Monsanto denies the allegations in paragraph 134.

2   135.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 135 and they are accordingly denied.

4   136.   Monsanto denies the allegations in paragraph 136.

5   137.   Monsanto denies the allegations in paragraph 137.

6   138.   Monsanto denies the allegations in paragraph 138.

7   139.   Monsanto denies the allegations in paragraph 139, including each of its subparts.

8   140.   Monsanto denies the allegations in paragraph 140.

9   141.   Monsanto denies that Roundup® branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 141 and they are accordingly denied.

12   142.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 142 and they are accordingly denied.

14   143.   Monsanto denies the allegations in paragraph 143.

15   144.   Paragraph 144 sets forth conclusions of law for which no response is required.

16   145.   Monsanto denies the allegations in paragraph 145.

17   146.   Monsanto denies the allegations in paragraph 146.

18   147.   Monsanto denies the allegations in paragraph 147.

19   148.   Monsanto denies the allegations in paragraph 148.

20   149.   Monsanto denies the allegations in paragraph 149.

21   150.   Monsanto denies the allegations in paragraph 150.

22   151.   Monsanto denies the allegations in paragraph 151.

23   152.   Monsanto denies the allegations in paragraph 152.

24   153.   Monsanto denies the allegations in paragraph 153.

25   154.   Monsanto denies the allegations in paragraph 154.

26   155.   In response to the allegations in paragraph 155, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Amended Complaint be dismissed,

1    with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as
2    allowed by law and such further and additional relief as this Court may deem just and proper.
3         156.    Monsanto incorporates by reference its responses to paragraphs 1 through 155 in
4    response to paragraph 156 of plaintiff's Amended Complaint.
5         157.    Monsanto admits the allegations in paragraph 157.
6         158.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth
7    of the allegations asserted in paragraph 158 and they are accordingly denied.
8         159.    Monsanto denies the allegations in paragraph 159.  All labeling of Roundup®
9    branded products has been and remains EPA-approved and in compliance with all federal
10   requirements under FIFRA.
11        160.    Monsanto denies the allegations in paragraph 160.
12        161.    Monsanto denies the allegations in paragraph 161.  All labeling of Roundup®
13   branded products has been and remains EPA-approved and in compliance with all federal
14   requirements under FIFRA.
15        162.    Monsanto denies the allegations in paragraph 162.  All labeling of Roundup®
16   branded products has been and remains EPA-approved and in compliance with all federal
17   requirements under FIFRA and with California law.
18        163.    Monsanto denies the allegations in paragraph 163.
19        164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth
20   of the allegations regarding plaintiff's use history in paragraph 164, and therefore denies the
21   same.  Monsanto denies the remaining allegations in paragraph 164.
22        165.    Paragraph 165 sets forth conclusions of law for which no response is required.
23        166.    Monsanto denies the allegations in paragraph 166.
24        167.    Monsanto denies the allegations in paragraph 167.
25        168.    Monsanto denies the allegations in paragraph 168.
26        169.    Monsanto denies the allegations that Roundup® branded products are defective and
27   accordingly denies the allegations in paragraph 169.
28        170.    Paragraph 170 sets forth conclusions of law for which no response is required.

1    171.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 171 and they are accordingly denied.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    In response to the allegations in paragraph 177, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Amended Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

178.    Monsanto incorporates by reference its responses to paragraphs 1 through 177 in response to paragraph 178 of plaintiff's Amended Complaint.

179.    Monsanto denies the allegations in paragraph 179.  Additionally, the last sentence in paragraph 179 sets forth a conclusion of law for which no response is required.

180.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 concerning the plaintiff's claimed use of Roundup® branded products, and therefore denies the allegations in paragraph 180.  The remaining allegations in paragraph 188 set forth conclusions of law for which no response is required.

181.    Paragraph 181 sets forth conclusions of law for which no response is required.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 concerning the condition of any Roundup® branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product, and therefore denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187. Monsanto denies the allegations in paragraph 187.

188. In response to the allegations in paragraph 188, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Amended Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

With respect to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs or any other relief whatsoever.

Every allegation in the Amended Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Amended Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Plaintiff's claims are barred, in whole because they cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup® branded products and/or glyphosate-containing products.

7. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

10. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

11. Applicable statutes of limitations bar plaintiff's claims in whole or in part.

12. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

13. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

14. Monsanto has no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it.

15. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

16. Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

18. Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under California and/or other applicable state laws.

19. Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law.

20. Plaintiff's causes of action are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21. Plaintiff's causes of action are barred in whole or in part by plaintiff's own failure to mitigate damages.

22. Plaintiff's causes of action are barred in whole or in part by the sophisticated user doctrine.

23. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

24. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

26. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1  WHEREFORE, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiffs' Amended Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## **JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

DATED: April 22, 2016

Respectfully submitted,

/s/ Joe G. Hollingsworth

| | |
|---|---|
| Richard A. Clark | Joe G. Hollingsworth (appearance *pro hac vice*) |
| State Bar No. 39558 | (jhollingsworth@hollingsworthllp.com) |
| (rclark@pmcos.com) | Katharine R. Latimer (appearance *pro hac vice*) |
| Steven R. Platt | (klatimer@hollingsworthllp.com) |
| State Bar No. 245510 | Eric G. Lasker (appearance *pro hac vice*) |
| (splatt@pmcos.com) | (elasker@hollingsworthllp.com) |
| PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, P.C. | HOLLINGSWORTH LLP |
| 555 S. Flower Street, 30th Floor | 1350 I Street, N.W. |
| Los Angeles, CA 90071 | Washington, DC  20005 |
| Telephone: (213) 683-6500 | Telephone:  (202) 898-5800 |
| Facsimile:  (213) 683-6669 | Facsimile:  (202) 682-1639 |

Attorneys for Defendant
MONSANTO COMPANY