UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HARDEMAN,<br><br>        Plaintiff,<br><br>        v.<br><br>MONSANTO COMPANY,<br><br>        Defendant. | Case No. 16-cv-00525-VC<br><br>**ORDER GRANTING MOTION FOR BIFURCATION**<br><br>Re: Dkt. No. 48 |

      Monsanto's motion to bifurcate the proceedings is granted.  The first phase of the litigation will be limited to the question whether glyphosate and/or Roundup can cause non-Hodgkin's lymphoma.

      However, Monsanto's request to limit document discovery to the custodial records of five Monsanto employees is denied.  Nor, contrary to Monsanto's suggestion, will Hardeman be precluded from seeking materials that relate to causation unless an expert would ultimately be allowed to rely on them under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  The basis for an expert's opinion goes to that opinion's admissibility, *see Daubert*, 509 U.S. at 589-90, but information need not be admissible to be discoverable, Fed. R. Civ. P. 26(b)(1).  The question of what an expert may rely on should thus be decided in connection with the *Daubert* proceedings, not in advance of discovery.  The plaintiffs may make any reasonable discovery request of Monsanto about whether Monsanto's product can cause non-Hodgkin's lymphoma, about Monsanto's knowledge on the issue, about any communications Monsanto has made on the issue, and about any scientific studies in which Monsanto may have been involved.  Any dispute about whether a particular request is reasonable can be resolved on a case-by-case

basis.

The Court will bifurcate the proceedings in the related case, Stevick v. Monsanto Co., No. 3:16-cv-2341-VC, as well. In advance of Tuesday's telephonic case management conference, the parties in both cases should confer and attempt to agree upon a schedule, through trial, that makes sense in light of this ruling.

**IT IS SO ORDERED.**

Dated: June 16, 2016

_____
VINCE CHHABRIA
United States District Judge