**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**MOORE LAW GROUP, PLLC**
Jennifer A. Moore (SBN 206779)
1473 South 4th Street
Louisville, KY 40208
Tel: (502) 717-4080
jennifer@moorelawgroup.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Hardeman vs. Monsanto Co., et al.*, 3:16-cv-0525-VC | MDL No. 2741<br>Case Number: 3:16-MD-02741-VC<br><br>**AIMEE H. WAGSTAFF, ESQ.'S RESPONSE TO ORDER TO SHOW CAUSE** |

## I. **INTRODUCTION**

During Plaintiff's opening statement ("Opening Statement") at trial today, the Court advised the undersigned, Aimee H. Wagstaff, Esq. ("Ms. Wagstaff"), to cut short or divert from her Opening Statement, often without any preceding objection from the Defendant. Each time the Court intervened, Ms. Wagstaff immediately complied. ***At no time did Ms. Wagstaff defy the Court's instruction to move on.[1]*** She took down any questionable slide,[2] changed the subject immediately, and skipped material she intended to cover, given the Court's direction provided in open Court, and during sidebar conversations.

During the pretrial phase of this case, Ms. Wagstaff proposed exchanging PowerPoint presentations by 7:00 p.m. pacific time the night before opening statements, but Monsanto refused and stated it would be "unnecessary in light of the parties' agreement to disclose exhibits to be used in opening statements." (Dkt. 2386, pp. 8-9.) The Court agreed with Monsanto. Had that ruling come out the other way, as Plaintiff requested, any confusion over what is allowed for Opening Statement in this type of bifurcated trial would have been cleared up in advance of the first day of trial.

Moreover, the parties did exchange all exhibits to be used during opening statements and met and conferred regarding each side's objections. As a result, Ms. Wagstaff removed one slide completely before her Opening Statement began. Likewise, Monsanto's counsel removed two exhibits from its presentation based upon Plaintiff's objection.[3]

---

[1] *cf Gonzales v. Texaco Inc.*, 344 Fed. Appx. 304 (9th Cir. Aug. 17, 2009) (Sanctions should be imposed ordinarily only in situations akin to contempt of court. Therefore, prior to imposing court-initiated sanctions, the district court is required to determine whether counsel's conduct is "akin to contempt.") (emphasis added).

[2] For example, when the Court intervened at Slide 4 (referencing "Phase 2" of trial), Ms. Wagstaff immediately took the slide down and moved on, without ever reading the bullet points about Phase 2.

[3] During the defense Opening Statement, Monsanto's counsel improperly published a PowerPoint slide to the jury that contained a reference to evidence that the Court specifically excluded pursuant to the Court's Pretrial Order No. 81 granting Plaintiff's Motions in *Limine* Nos. 6, 11, and 12. (*See* Dkt. 2775 at 6-7; Transcript, 2/25/19 at 380:18-23.) The Court sustained Plaintiff's objection and ordered defense counsel to take down the slide. Importantly, Plaintiff had specifically asked Defendant about its inclusion of Mr. Hardeman's medical records on the list of exhibits for Opening Statements and was assured that all redactions had been made. As it

---

Imposing sanctions under these circumstances would be unfair and improper, as Ms. Wagstaff did not act in bad faith during Opening Statement. Instead, Ms. Wagstaff did her best to comply with the Court's prior evidentiary rulings, including an order that was entered yesterday afternoon, and to interpret the Court's expectations set forth therein. Naturally, given the unusual phased nature of Mr. Hardeman's trial, and given the complex set of orders regarding motions in *limine* and other pre-trial matters—including orders entered at 6 p.m. last night (on the very eve of trial)—some clarification of the application of the Court's rulings to the evidence was to be expected. Indeed, the admissibility of some evidence yet remains to be determined during trial. Simply put, the "line-drawing" regarding the admissibility of evidence during "Phase 1" in this case is intricate and sometimes difficult to discern. In fact, the Court acknowledged such today when the Court stated "it is a difficult line to dance." (Transcript, 2/25/19, 337:19-20.)

Given the complex nature of this trial, the strict isolation and limitation of causation issues to Phase 1, and the very recent orders regarding the types of evidence Plaintiff may or may not introduce in Phase 1, the information provided to the jury during Ms. Wagstaff's Opening Statement reasonably complied with the Court's prior evidentiary rulings and was done so in good faith without any.

Ms. Wagstaff respectfully requests that the Court refrain from imposing sanctions.

## II. LEGAL STANDARD

For sanctions to be validly imposed, the conduct in question must be sanctionable under the authority relied on. *In re Keegan Mgmt. Co., Secur. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). The power to impose sanctions may derive from one or more of the following two sources:

**Federal Rules of Civil Procedure, Rule 11:** Attorneys who violate their certification that there is a legal basis for their pleading, motion or other paper are subject to monetary sanctions; no showing of "bad faith" is required.

---

turns out, this was not the case and Court-ordered excluded and prejudicial evidence was published to the jury. No remarks similar to those made to Ms. Wagstaff by the Court were given to defense counsel.

**Court's inherent power:** Federal courts have inherent powers, not conferred by statute or rule, "to manage their own affairs … to achieve the orderly and expeditious disposition of cases." These powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) (internal quotes omitted).

The court's inherent powers must, however, "be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463(1980); *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GMBH*, 603 F.3d 943, 966 (Fed. Cir. 2010); *see Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013) (court should exercise inherent authority to dismiss case with great caution).

The Ninth Circuit has held that imposing sanctions is an "extraordinary remedy, one to be exercised with extreme caution." *In re Keegan*, 78 F.3d at 437.

## III.  ARGUMENT

Sanctions should not issue under Rule 11 or pursuant to the Court's inherent authority. Ms. Wagstaff immediately complied with the Court's instructions and attempted to follow the Court's pre-opening orders in good faith.

### A.  Ms. Wagstaff Has Not Been Given Adequate Time Or Opportunity To Respond to the Court's Order To Show Cause.

Both due process principles and Rule 11 require that the subject of a sanctions motion "receive specific notice of the conduct alleged to be sanctionable and the standard by which the conduct will be assessed, and an opportunity to be heard on that matter." *StreetEasy, Inc. v. Chertok*, 752 F3d 298, 310 (2nd Cir. 2014) (internal quotes omitted). Only conduct specifically referred to in motion is sanctionable. *Id.*

The subject Order To Show Cause (the "Order") was entered during a break in Ms. Wagstaff's Opening Statement on the first day of trial. The Order allowed only a few hours to respond after the conclusion of today's trial activities. The Order consists entirely of two sentences; it contains no explanation of the basis for the Order, and no articulation of how Ms. Wagstaff violated prior orders regarding the limitations on the subject matter that could be discussed in Opening Statements.

3

Case No. 3:16-md-02741-VC    AIMEE H. WAGSTAFF, ESQ.'S RESPONSE TO ORDER TO SHOW CAUSE

Indeed, the Court's prior orders—defining "Phase 1," and anticipating some potentially objectionable evidence—have been complex and the bifurcation of the trial, as acknowledged by the Court, has made this a "difficult line to dance." Additionally, the Court's prior orders leave considerable room for debate about what evidence might be allowed in during trial. Counsel for both parties are attempting to follow the Court's orders as best they can, but reasonable minds can differ on the precise application of the Court's rulings on specific evidence/testimony. The confusion stems, largely, from the bifurcated nature of the trial. Despite the Court's, and the parties' best efforts, "Phase 1" is still not perfectly defined.

In short, the two-sentence Order To Show Cause provides insufficient guidance for Ms. Wagstaff, or a reviewing court, to evaluate her alleged misconduct in a complicated case. Even if she had a full understanding of the Court's objections, Ms. Wagstaff has not been given sufficient time to respond. Sanctions cannot issue without a full opportunity to be heard and to respond to the Court's concerns. For this reason alone, the Order should be vacated.

### B. Ms. Wagstaff Did Not Act In Bad Faith; Sanctions Pursuant to the Court's Inherent Authority Are Not Warranted.

Sanctions imposed under the court's inherent power require a bad faith finding. *See Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). The "bad faith requirement sets a high threshold." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1131-1132 (9th Cir. 2008) (internal quotes omitted); *Peer v. Lewis*, 606 F3d 1306, 1316 (11th Cir. 2010) (bad faith threshold "at least as high" as starting point for 28 USC § 1927 sanctions (internal quotes omitted).

Ms. Wagstaff did not act in bad faith, *i.e.*, with deceptive or dishonest intent.[4] With respect to each piece of evidence that concerned the Court today, Ms. Wagstaff and her team of lawyers simply did not see the line drawn in the same place that the Court did.[5]

---

[4] "Dishonesty of belief, purpose, or motive[.]" Bad Faith, Black's Law Dictionary (10th ed. 2014).

[5] The Court's first admonition to move on was when Ms. Wagstaff was telling the jury about when and how Mr. Hardeman first learned he had cancer. To her knowledge, there is no order prohibiting Ms. Wagstaff from explaining those basic facts to the jury. When told to move on, Ms. Wagstaff promptly did.

4

Case No. 3:16-md-02741-VC    AIMEE H. WAGSTAFF, ESQ.'S RESPONSE TO ORDER TO SHOW CAUSE

1   Given the ambiguity surrounding some of the Court's prior evidentiary rulings, the
2   judgment calls made by Ms. Wagstaff and her team regarding what is relevant to Phase 1, were
3   reasonable and in compliance with the Court's orders.  "[Y]ou can't have a bad faith violation
4   without a violation." *Miller v. City of Los Angeles*, 661 F3d 1024, 1026-1029 (9th Cir. 2011).
5   As the Court recognized in a sidebar today regarding Plaintiff's Slides 26/27, Plaintiff has "a
6   difficult line to dance because it is appropriate to say what the studies said, but …there are
7   certain conclusions that you cannot draw from those studies, and that is the line that Dr. Ritz is
8   going to need to dance."  Transcript of Proceedings, February 25, 2019 at 337:19-23.

9   Next, in PTO 85, issued just yesterday, the Court ruled that "Dr. Nabhan may not testify
10  that the McDuffie and Eriksson studies stand for the proposition that if someone uses Roundup
11  more than two days per year or more than ten days in their lifetime, their risk of developing NHL
12  doubles."  Ms. Wagstaff believed this to limit what Plaintiff's experts could testify to with
13  respect to specific causation, but did not understand this to mean that, with respect to general
14  causation, that Plaintiff was prohibited from even mentioning the dose-response evidence
15  regarding two- and ten-day exposures as stated in the McDuffie and Eriksson studies.  After
16  today's instruction from the Court, Ms. Wagstaff now has a better understanding of the Court's
17  intentions in this respect.

18  Relative to Ms. Wagstaff's statements regarding the Knezevich and Hogan study,
19  Plaintiff's counsel reading of PTO 81 was that the Knezevich & Hogan study and the EPA story
20  was admissible.  In fact, Plaintiff specifically requested a ruling in advance of trial as to whether
21  she could "present evidence during Phase 1 surrounding the re-review of the 1983 Knezevich &
22  Hogan mouse study – including Monsanto's role in pushing for a reevaluation of the tumor slides
23  based on its concern about the regulatory consequences of that study." (Dkt. 2775, at 7.)  The
24  Court granted such Motion.  (*Id.*)  Thus, Ms. Wagstaff believed in good faith that she could
25  discuss such study in her Opening Statement.  Ms. Wagstaff recognizes that the Court ordered
26  the parties to confer about specific internal Monsanto documents surrounding such study and the
27  reevaluation, which is why she never published the document to the jury.  As to whether
28  reference to the Knezevich & Hogan mouse study opened the door to EPA discussion, Plaintiff

5

Case No. 3:16-md-02741-VC    AIMEE H. WAGSTAFF, ESQ.'S RESPONSE TO ORDER TO SHOW CAUSE

never moved to exclude all references to the EPA; instead, Plaintiff's Motion in *Limine* No. 5 only sought to exclude two EPA-related documents. Any reference to EPA material that the Court deems inadmissible was inadvertent, and not an intentional violation of the Court's order. Additionally, Ms. Wagstaff reviewed the cross-examination of Plaintiff's expert Christopher Portier, during which Monsanto's attorneys repeatedly refer to "Obama's EPA." Given the focus of Monsanto's lawyers on "the EPA story," Ms. Wagstaff believed that both sides interpreted the Court's prior evidentiary rulings in the same manner.[6] Moreover, Ms. Wagstaff immediately moved on and did not make any commentary about whether the EPA is political.

Additionally, this matter has been moving at an incredibly fast pace. Only a week ago did the Court issue Pre-Trial Order No. 81 ruling on the parties' motions in *limine*. Until yesterday evening, the Court had not ruled on Monsanto's motion for summary judgment.

### C. **Rule 11 Is Not Applicable Under These Circumstances; Even If It Were, Ms. Wagstaff's Conduct Does Not Violate Rule 11.**

Essentially, Rule 11, requires attorneys to certify that all written representations filed with or submitted to the Court: (1) are not presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) reflect claims, defenses and other legal contentions that are warranted by existing law; (3) contain only those factual contentions that have evidentiary support; and (4) contain only those denials that are warranted by the evidence. FRCP 11(b)(1)-(4).

Rule 11 does not apply to litigation conduct except for written submissions to the Court. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002); *Lamboy-Ortiz v. Ortiz-Vélez* 630 F.3d 228, 245 (1st Cir. 2010) (Rule 11 does not reach misconduct during trial). Oral statements by counsel are sanctionable under Rule 11 only if they advocate positions set forth in pleadings, written motions or other papers filed or submitted to the Court, and counsel knows or has reason

---

[6] If the Court takes issue with other specific references to evidence made during Ms. Wagstaff's Opening Statement, she requests the opportunity to present further briefing to address each reference.

to know those positions are unsupported in fact or law. *O'Brien v. Alexander*, 101 F.3d 1479, 1489-1490 (2nd Cir. 1996); *In re Bees* 562 F.3d 284, 288-289 (4th Cir. 2009).

Rule 11 sanctions are not available here, where the alleged misconduct involves statements made during opening statements at trial. *Hamer v. Career College Ass'n*, 979 F.2d 758, 759 (9th Cir. 1992) (attorney made unfounded claims of racial discrimination during oral argument); *see also Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503 (9th Cir. June 9, 2004) (Where offending remarks occurred principally during opening statement and closing argument, rather than throughout the course of the trial, the court was "less inclined" to find the statements pervaded the trial and thus prejudiced the jury); *Investors Ins. Co. v. Dorinco Reinsurance Co.*, 917 F.2d 100 (2d Cir. Oct. 24, 1990) (Reference in motion or pleading to inadmissible evidence is not sanctionable offense).

Ms. Wagstaff did not file, submit or otherwise present written representations to the Court for any improper purpose. She did not file, submit or otherwise present written representations to the Court that reflected claims unwarranted by existing law. Nor did she file, submit or otherwise present written representations to the Court without evidentiary support, or unwarranted denials. Rule 11 is thus inapplicable to Ms. Wagstaff's Opening Statement.

### IV.     CONCLUSION

Imposing sanctions based on the confusion surrounding the admissibility of certain evidence in the Phase 1 trial of this matter is unwarranted and extremely prejudicial to Plaintiff. Sanctions would have the potential to permanently tarnish the reputation of Ms. Wagstaff, who did not act in bad faith, and who, at every turn, followed the Court's instruction without complaint during today's Opening Statement.

For all of these reasons, Ms. Wagstaff respectfully asks that the Court refrain from imposing sanctions, and vacate the Order to Show Cause.

Dated: February 25, 2019

ANDRUS WAGSTAFF, PC

By: */s/ Aimee Wagstaff*
Aimee H. Wagstaff (SBN 278480)
Aimee.wagstaff@andruswagstff.com
David J. Wool (324124)

David.Wool@andruswagstaff.com
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360

Jennifer A. Moore (SBN 206779)
jennifer@moorelawgroup.com
1473 South 4th Street
Louisville, KY 40208
Telephone: 502-717-4080

*Co-counsel for Plaintiff*

Case No. 3:16-md-02741-VC      AIMEE H. WAGSTAFF, ESQ.'S RESPONSE TO ORDER TO SHOW CAUSE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of February 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Aimee H. Wagstaff