UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Hardeman v. Monsanto*, 3:16-cv-00525-VC | **PRETRIAL ORDER NO. 102: COURT'S DRAFT PHASE 1 INSTRUCTIONS – 3/7/2019 VERSION** |

The parties should be prepared to discuss these instructions on Monday afternoon. The Court has included two alternative causation instructions for the parties to address.

**IT IS SO ORDERED.**

Date: March 7, 2019

_____

Honorable Vince Chhabria
United States District Court

# INSTRUCTION NO. 1:
# DUTY OF THE JURY

As previously discussed, we are conducting this trial in phases. We have now reached the end of the first phase, which is about medical causation. Mr. Hardeman alleges that he developed non-Hodgkin's lymphoma from his use of Roundup products manufactured by Monsanto. Monsanto denies that Roundup can cause non-Hodgkin's lymphoma, and specifically denies that Mr. Hardeman's non-Hodgkin's lymphoma was caused by his use of Roundup. For this phase, you are being asked to reach a verdict on this question.

The lawyers will now have an opportunity to make closing arguments to you about this issue, and then you will begin your deliberations.

It is your duty to find the facts relating to medical causation. I will give you the law to apply to those facts. You must follow the law as I give it to you, whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, biases, stereotypes, or sympathies. That means that you must decide the medical causation question solely on the evidence before you. You will recall that you took an oath to do so.

You must follow all of these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# INSTRUCTION NO. 2:
# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits that are admitted into evidence; and

3. Any facts to which the lawyers have agreed.

# INSTRUCTION NO. 3:
# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements made by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections made by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to make your decision solely on the evidence received in court.

# INSTRUCTION NO. 4:
# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one ore more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 5:
# CREDIBILITY OF WITNESSES

In reaching your decision, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see, hear, or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying (although keep in mind that different people react differently to testifying in court):

4. The witness's interest in the outcome of the case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION NO. 6:
# EXPERT OPINION

You have heard testimony from a number of expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of those witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# INSTRUCTION NO. 7:
# BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

The standard of proof in this case is called "a preponderance of the evidence." When a party has the burden of proving a claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

Mr. Hardeman has the burden of proving his claims by a preponderance of the evidence. You should base your decision on all of the evidence presented during Phase 1, regardless of which party presented it.

# INSTRUCTION NO. 8
# CAUSATION

*Option 1:*

To prevail on the question of medical causation, Mr. Hardeman must prove by a preponderance of the evidence that Roundup was a substantial factor in causing his non-Hodgkin's lymphoma. A substantial factor is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor.

If you conclude that Mr. Hardeman has proven that his exposure to Roundup was a substantial factor in causing his NHL, then you should find for Mr. Hardeman even if you believe that other risk factors were substantial factors as well.

*Option 2:*

To prevail on the question of medical causation, Mr. Hardeman must prove by a preponderance of the evidence that Roundup was a substantial factor in causing his non-Hodgkin's lymphoma. A substantial factor is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct. However, if you conclude that Mr. Hardeman has proven that his exposure to Roundup was sufficient on its own to cause his NHL, then you should find for Mr. Hardeman even if you believe that other risk factors were also sufficient to cause his NHL.

# INSTRUCTION NO. 9
# REGULATORY AGENCIES

Regulatory agencies and other health organizations have reached conclusions about glyphosate. You should not defer to any such conclusions. They are not a substitute for your own independent assessment of the evidence presented in this case.

# INSTRUCTION NO. 10
# DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You must diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 11
# CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, in any internet chat room, or on any blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other form of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything else about this case, you must respond that you have been ordered not to discuss the matter and then report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not investigate or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses and the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided based only on the evidence

that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow them.

      A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 12
# TRANSCRIPT OF TRIAL NOT AVAILABLE

You will not have a transcript of the trial in the jury room. If, during your deliberations, you determine that you want to review the testimony of a witness again, you can request to have that witness's testimony, or a portion of that witness's testimony, read back to you in the courtroom, with all of us present. It is up to me whether to permit a readback, and I may require that more of the witness's testimony be read back into the record, rather than just the portion that you requested. The readback could contain errors. The readback will not reflect the witness's demeanor, tone of voice, or other aspects of the live testimony. The way you remember and understand the live testimony controls. Finally, in your exercise of judgment, the testimony read back cannot be considered in isolation, but must be considered in the context of all the evidence presented.

# INSTRUCTION NO. 13
# COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed note. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me or the Courtroom Deputy – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or been discharged.

# INSTRUCTION NO. 14
# RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.