UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Hardeman v. Monsanto*, 3:16-cv-00525-VC | **PRETRIAL ORDER NO. 116: ORDER RE DESIGN DEFECT CLAIM** |

        Under California law, there are two alternative theories of liability for design defects: the consumer expectations test and the risk-benefit test. If a plaintiff is unable to prevail under the consumer expectations test, they may nonetheless prevail under the risk-benefit test. *See, e.g.*, *McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1121 (2002).

        Here, it appears that Hardeman does not wish to proceed under the risk-benefit theory. Accordingly, subject to the two caveats discussed below, per Hardeman's request the jury will only be instructed on the consumer expectations theory. Monsanto contends that under *Trejo v. Johnson & Johnson*, 13 Cal. App. 5th 110, 156-60 (2017), the jury should be given only the risk-benefit instruction, but that case is distinguishable. *Trejo* involved a risk that a pharmaceutical product posed to a small subset of users, which is different from a risk that a home-use pesticide may have posed to all users. *See Arnold v. The Dow Chem. Co.*, 91 Cal. App. 4th 698, 727 (2001) (categorizing a pesticide as a product that is "within the ordinary experience and understanding of a consumer").

        The first caveat is that Hardeman's attorneys have had a difficult time explaining their theory of design defect liability. At times they have asserted that Roundup is defective in the

sense that it is simply unsafe for residential use – an argument that appears consistent with the consumer expectations theory. At other times they have asserted that the product could be formulated in a safer way (either the way it is allegedly formulated in Europe or using pure glyphosate). This argument seems more consistent with the risk-benefit theory. The Court assumes that, if the jury is only given the consumer expectations instruction, Hardeman's only design defect theory will be that Roundup is simply unsafe for residential use.

The second caveat is that the precise language of the jury instruction on the consumer expectation test remains to be crafted. When finalizing this instruction, the parties will need to consider whether a verdict for Monsanto on the failure to warn claim and a verdict for Hardeman on the design defect claim (as described in this order) would be inconsistent. It also seems possible that the failure to warn claim (to the extent it focuses on the failure to instruct people to use protective equipment) could be inconsistent with the design defect theory (as described in this order).

It is with these caveats that the Court rules that the consumer expectations instruction will be given and the risk-benefit instruction will not be given. If the Court has misunderstood the various statements by Hardeman's lawyers about the design defect theory they intend to present to the jury, Hardeman's lawyers must inform the Court in a filing before opening statements, and in any event by no later than 5:00 p.m. today.

**IT IS SO ORDERED.**

Date: March 18, 2019

Honorable Vince Chhabria
United States District Court