

2001 M STREET NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONWALSH.COM
—
A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, D.C.  |  LOS ANGELES

March 26, 2019

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:    *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC

Dear Judge Chhabria:

Monsanto respectfully submits the following objections to the revised Phase 2 jury instructions set forth in PTO 135 and the final verdict form set forth in PTO 137.

Instruction No. 11:  Monsanto objects to the absence of any description of the particular theory of design defect liability that Plaintiff intends to pursue.  To this date, Plaintiff has failed to articulate or commit to a valid design defect theory, and it would be improper for the jury to find Monsanto liable for a design defect that Plaintiff has failed to even identify, let alone prove. Plaintiff should have to present, prior to closing arguments, the theory that he intends to pursue, and at minimum, the third element of the design defect instruction should be revised to incorporate that theory.  Based on the representations made so far in this litigation, the third element should either read:

 "That the Roundup used by Mr. Hardeman did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way because it should never have been sold to residential users" or

"That the Roundup used by Mr. Hardeman did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way because the label did not contain a warning about the risk of NHL."

Instruction No. 15:  Monsanto submits that the last two sentences of the third paragraph should be consolidated to read: "If you find liability, the parties have stipulated that the amount of economic damages is $200,967.10, and you will be asked to determine what amount of non-economic damages should be awarded."  This revision makes clear that the jury should not award non-economic damages automatically.

<u>Verdict Form</u>:  On Question 4, Monsanto objects to including the stipulated amount of economic damages on the verdict form.  At the charge conference, the parties agreed that the amount should not be included:

> THE COURT: And then you wanted -- in light of the way we've changed the instructions, are you okay with keeping the number in on past economic loss?
> MR. KILARU: I actually think part of my proposal to put it in the instructions was to take it out of here for the reasons of suggestiveness. I mean, I think they will use these things side by side. So if they get to this question on the form, they can go to the instruction; but I think having it on the form we think is a little suggestive that they should get there.
> THE COURT: What happens if they award $1 million in economic damages?
> MR. KILARU: I think we stipulated to the amount of economic damages, so it would get reduced to 200,000, whatever the number is.
> THE COURT: Okay. That's fine. Any objection?
> MS. MOORE: No, Your Honor.
> THE COURT: Okay.

Tr. 2675:12-2676:5.  As the parties discussed, including the amount may suggest to jurors that they should reach the issue of damages, and is unnecessary in light of the Court's reference to Instruction No. 15, which incorporates the stipulated amount.

Pursuant to PTO 135, Monsanto understands that all other substantive objections to the instructions and verdict form, including Monsanto's submission that none of Plaintiff's claims should go to the jury, are preserved.

Respectfully submitted,

/s/ Brian L. Stekloff_____

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Cc: Counsel of Record (via ECF)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff_____