**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Tamarra Matthews Johnson (*pro hac vice*)
(tmatthewsjohnson@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:   (202) 847-4030
Fax:   (202) 847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
Pamela Yates (CA Bar No. 137440)
(Pamela.Yates@arnoldporter.com)
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4178
Fax: (213) 243-4199

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Hardeman v. Monsanto Co., et al.*,<br>3:16-cv-0525-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**MONSANTO COMPANY'S MOTION TO SUPPLEMENT THE RECORD IN CONNECTION WITH ITS MOTIONS FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Monsanto respectfully requests that the Court supplement the record on its post-trial motions with a letter submitted to the Court by one of the jurors at trial (attached as Exhibit 1). *See, e.g.*, *Siskiyou Reg'l Educ. Project v. Goodman*, 219 F. App'x 692, 694 (9th Cir. 2007) (granting motions to supplement record where additional information "provide[d] a better understanding" to the court of pertinent facts); *M.M. v. Lafayette Sch. Dist.*, No. C 09-04624 SI, 2011 WL 5085077, at *1 (N.D. Cal. Oct. 25, 2011) (granting motion to supplement record "for good cause shown").

On Thursday, July 4, 2019, the juror who ended up as Juror #5 at the time of the verdict submitted a letter to the Court asking the Court to leave in place the jury's award of $2 million in future noneconomic damages and $75 million in punitive damages, and deny Monsanto's motion for post-trial relief from those awards. The letter echoed arguments made by Plaintiffs' counsel at the July 2, 2019 hearing on Monsanto's post-trial motions, including that "SCOTUS allows for higher ratios of punitive to compensatory damages in extraordinary cases," Ex. 1 at 1; *see* 7/2/2019 Hr'g Tr. at 58:2-59:22 (similar argument by Plaintiff's counsel); and that the $2 million dollar future noneconomic damages award represents "the reasonable and deserved dollar amount per year going forward," accounting for the fact that Mr. Hardeman's "chances of living a longer life are much higher" in light of "his clean bill of health," Ex. 1 at 1; *see* 7/2/2019 Hr'g Tr. at 20:19-21:10 (similar argument by Plaintiff's counsel). As the Court may know, Juror #5 submitted that letter to the Court after attending the July 2, 2019 hearing. During breaks in that hearing, Juror #5 conversed with Plaintiff's counsel, as well as a juror from the *Johnson v. Monsanto* trial who now posts recaps of trials and hearings in the Roundup litigation on an anti-Monsanto advocacy blog, and who wrote a similar letter to the trial judge in *Johnson*, Judge Bolanos, urging her not to disturb that jury's verdict. *See* Stekloff Decl. ¶¶ 3, 6. Juror #5 also hugged and conversed with Mr. and Mrs. Hardeman at the hearing. *See* Stekloff Decl. ¶ 3.

The letter of course has no bearing on the issues being considered by the Court based on Monsanto's post-trial motions. Thus, Monsanto's position is that the Court should not consider

this letter in resolving its legal arguments in favor of judgment notwithstanding the verdict and a new trial, including its challenges to the damages awards addressed in Juror #5's letter. But, despite the soundness of that position, Monsanto respectfully submits that the Court should add this letter to the record in this case for two reasons.

*First*, Juror #5 is the same juror who brought to the Courtroom Deputy's attention the allegedly improper comments made by Juror #4 that ultimately resulted in Juror #4's excusal, which Monsanto challenges in its post-trial motion. As Monsanto has previously noted, Juror #5 stated, on her initial juror questionnaire, that she was "potentially" entering the trial with preconceived feelings about Monsanto, *see* Trial Tr. vol. 2, 241:17-21; raised her hand during voir dire in response to a question from Plaintiff's counsel regarding whether anyone had an "issue that they don't think they can set those opinions aside and be fair in this case," *id.* 214:13-17; and was challenged for cause by Monsanto following voir dire, *see id.* 271:5-18. Juror #5's post-trial actions further underscore her potential for bias, the necessity for the Court to have conducted an investigation to verify her allegations about another juror, and the serious risk that Monsanto was deprived of its right to a fair trial.

*Second*, there have now been two hearings on post-trial motions challenging verdicts against Monsanto in connection with Roundup's alleged carcinogenicity. In the *Johnson* case, Judge Bolanos issued a tentative ruling granting judgment notwithstanding the verdict and a new trial to Monsanto on punitive damages, and then conducted a hearing on Monsanto's motions. Several jurors attended that hearing and then wrote highly publicized letters and emails to Judge Bolanos urging her to keep the verdict in place. A similar pattern of events has transpired here: At the July 2 hearing, the Court suggested it may remit part of the jury's verdict, and the juror who attended that hearing submitted a letter urging otherwise. The fact that jurors from both trials wrote letters in support of constitutionally impermissible verdicts is highly unusual, and generates further anti-Monsanto bias in the Bay Area that will infect future Roundup trials.

Accordingly, Monsanto requests that the Court supplement the record with Juror #5's post-hearing letter. Furthermore, if the Court intends to rely on the letter in any manner in determining the noneconomic compensatory or punitive damages, Monsanto requests an opportunity to further be heard regarding the irrelevance of the letter to those issues.

DATED: July 8, 2019

> Respectfully submitted,
>
> /s/ *Brian L. Stekloff*
>
> Brian L. Stekloff (*pro hac vice*)
> (bstekloff@wilkinsonwalsh.com)
> Tamarra Matthews Johnson (*pro hac vice*)
> (tmatthewsjohnson@wilkinsonwalsh.com
> Rakesh Kilaru (*pro hac vice*)
> (rkilaru@wilkinsonwalsh.com)
> WILKINSON WALSH + ESKOVITZ LLP
> 2001 M St. NW, 10th Floor
> Washington, DC 20036
> Tel: (202) 847-4030
> Fax: (202) 847-4005
>
> Pamela Yates (CA Bar No. 137440)
> (Pamela.Yates@arnoldporter.com)
> ARNOLD & PORTER KAYE SCHOLER
> 777 South Figueroa St., 44th Floor
> Los Angeles, CA 90017
> Tel: (213) 243-4178
> Fax: (213) 243-4199
>
> Eric G. Lasker (*pro hac vice*)
> (elasker@hollingsworthllp.com)
> HOLLINGSWORTH LLP
> 1350 I St. NW
> Washington, DC 20005
> Tel: (202) 898-5843
> Fax: (202) 682-1639
>
> Michael X. Imbroscio (*pro hac vice*)
> (mimbroscio@cov.com)
> COVINGTON & BURLING LLP
> One City Center

850 10th St. NW
Washington, DC 20001
Tel: (202) 662-6000

*Attorneys for Defendant*
*MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of July 2019, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ *Brian L. Stekloff*